IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE DUTRIEUILLE, | ) | |
| | ) | Civil Action No. 13 – 505 |
| Plaintiff, | ) | |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| BUREAU OF CORRECTIONS, | ) | |
| *County of Allegheny*, MATTHEW | ) | ECF No. 20 |
| KOHLER, MARK BRODY, DAVE | ) | |
| YOUNKINS, RICHARD LEE, | ) | |
| ROBERT BYTNER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

For the reasons stated herein, it is respectfully recommended that the Defendants' Motion to Dismiss (ECF No. 20) be granted and that Plaintiff's Complaint be dismissed without prejudice as to all Defendants except for Defendant Allegheny County Bureau of Corrections, which should be dismissed with prejudice. It is recommended that Plaintiff have thirty (30) days to file an amended complaint in order to state a claim and that his Complaint be dismissed with prejudice if he fails to file an amended complaint within that time.

**II.     REPORT**

Plaintiff Antoine Dutrieuille filed this action under 42 U.S.C. § 1983 alleging that officers at the Allegheny County Jail used excessive force and assaulted him while in the intake unit on January 30, 2013. The entirety of Plaintiff's Complaint reads as follows:

1

> Matthew Kohler choked me and punched me three times in my right rib cage and once in the back of my neck. Dave Younkins pushed my right arm in the opposite direction very forcibly. Mark Brody pulled my left arm in the opposite direction very forcibly as Sgt. Robert Bytner directed his unit team to hold me there until I said I understood. I never resisted. I pulled my lips down and up from the outside of my mouth. Opened my mouth wide as possible before and after I was stripped out. Richard Lee forcibly bent my right wrist and thumb while I was already handcuffed.

(ECF No. 3 at pp.2-3.) Following the incident, Plaintiff filed a grievance and requested to speak to the Warden. He also requested the address of the United States Department of Justice. He did not receive a reply to his grievance or his requests and he was later charged with assault. He seeks $3.5 million in compensatory damages as well as the termination and incarceration of all employees involved in the incident.

### A. Standard of Review

Defendants have filed a Motion to Dismiss for Plaintiff's failure to state a clam upon which relief can be granted. In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." Id. at 210-11; *see also* Malleus, 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. Fowler, 578 F.3d at 212; *see also* Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x. 774, 776 (3d Cir. 2009). In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. Twombly, 550 U.S. at 563 n.8.

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

**B. Discussion**

1. Excessive Force

Plaintiff states that Defendants' use of force was excessive and in violation of his Eighth Amendment rights. Plaintiff, however, was a pretrial detainee at the time the incident giving rise to this action occurred, and because he was a pretrial detainee, his claim is properly brought under the Fourteenth Amendment's Due Process Clause, which prohibits the state from imposing punishment on those who have not yet been convicted of a crime, rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Bell v. Wolfish, 441 U.S. 520, 535-39 (1979).

4

While the Third Circuit Court of Appeals recently declined to decide whether a pretrial detainee's claim regarding an alleged isolated incident of excessive force should be analyzed under the Eighth or the Fourteenth Amendment standard, it did note that in the past it had applied the Eighth Amendment standard to a claim by a pretrial detainee that arose in the context of a prison disturbance rather than the standard announced in <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979). *See* <u>Carson v. Mulvihill</u>, 488 F. App'x 554, 562 (3d Cir. 2012) (citing <u>Fuentes v. Wagner</u>, 206 F.3d 335, 347 (3d Cir. 2000)). Even though pretrial detainees are subject to the protections of the Fourteenth Amendment, district courts in this circuit apply the Eighth Amendment standard when analyzing a pretrial detainee's claim of excessive force because "the Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner." <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 471 (3d Cir. 1987).

In analyzing an excessive force claim, the core judicial inquiry of whether the measure taken inflicted unnecessary and wanton pain and suffering is that set out in <u>Whitley v. Alberts</u>, 475 U.S. 312 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). In answering this question, a court's analysis "must be driven by the extent of the force and the circumstances in which it [was] applied[,] not [merely] by the resulting injuries" to a plaintiff. <u>Smith v. Mensinger</u>, 293 F.3d 641, 648 (3d Cir. 2002).

In determining whether a defendant has used excessive force, courts look to several factors including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts to temper the severity of the forceful response." <u>Brooks

v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (internal quotations and citation omitted). The extent of any injuries that an inmate suffers is relevant, but "does not end" this analysis. Hudson, 503 U.S. at 7. Consideration of these factors permit a court to make inferences concerning "whether the use of force could plausibly have been thought necessary" or whether the circumstances show "such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Whitley, 475 U.S. at 321 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

In this case, Plaintiff's allegations are insufficient to determine whether any Defendant used excessive force. Importantly, the surrounding circumstances behind the application of force are unknown and there can be no determination as to whether the force used was excessive without such facts. While Plaintiff states that he did not resist, this in and of itself does not mean that the force used on him was unnecessary or unjustified. Furthermore, Plaintiff states that he was made to say that he "understood" but it is unknown for what reason. Without knowing the context of Plaintiff's excessive force claim, there are simply not enough facts to state a claim for relief. Therefore, it is recommended that this claim be dismissed, albeit without prejudice to Plaintiff's right to file an amended complaint because it is unknown whether amendment as to such claim would necessarily be futile.

2. Assault

Plaintiff's state law tort claim of assault is barred against all Defendants pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S. §§ 8541-64, which provides governmental immunity to local agencies, including municipalities, and their employees "for any damages on account of any injury to a person . . . ." 42 Pa. C.S. § 8541. Although there are statutory exceptions to the grant of such immunity, none of the exceptions are applicable

here. *See* 42 Pa. C.S. § 8542(b). Additionally, while an employee of a local agency may be stripped of his immunity when he engages in conduct that is found to constitute "a crime, actual fraud or willful misconduct," 42 Pa C.S. § 8550, Plaintiff's allegations are insufficient to demonstrate that any Defendant engaged in willful misconduct that would abrogate his governmental immunity. Plaintiff's allegations address only the degree of force that was used but not any surrounding circumstances like Plaintiff's conduct prior to the application of force or any injuries that he may have sustained by the application of force. Accordingly, it is recommended that Plaintiff's assault claim be dismissed, albeit without prejudice for the same reasons stated with respect to Plaintiff's excessive force claim.

   3. Defendant Allegheny County Bureau of Corrections

Plaintiff names the Allegheny County Bureau of Corrections ("ACBC") as a Defendant; however, the ACBC is a subunit of Allegheny County and has no corporate identity apart from Allegheny County. Therefore, it lacks the capacity to be sued under 42 U.S.C. § 1983 and should be dismissed with prejudice insofar as it is not a proper party under the law. *See* Jankowski v. Demand, 2008 WL 1901347, at *4 (W.D. Pa. 2008). Nevertheless, municipalities such as Allegheny County have been recognized as "persons" within the meaning of 42 U.S.C. § 1983 and are therefore subject to suit. *See* Monell v. Dept. of Social Servs., 436 U.S. 658, 690 (1978). The undersigned will thus construe Plaintiff's claims against ACBC as claims against Allegheny County.

   4. Allegheny County

In Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that

municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of respondeat superior. Instead, the Court concluded that a governmental unit may be liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible. Id.

In finding municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation. Id. at 690-91. A municipal policy is made when a decision-maker issues an official proclamation or decision. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986), *quoted in,* Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom or practice, however, may consist of a course of conduct so permanent and widespread that it has the force of law. Andrews, 895 F.2d at 1480. To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). Finally, Plaintiff must show a causal connection between the custom or policy and the violation of the constitutional right. Bielevicz v. Dubinon, 915 F.2d 845, 850-51 (3d Cir. 1990). That is, a plaintiff must demonstrate an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional deprivation. Bielevicz, 915 F.2d at 850-51. "As long as the causal link is not too tenuous, the question whether the municipal policy or custom proximately caused the constitutional infringement

should be left to the jury." Id. at 851 (citing Black v. Stephens, 662 F.2d 181, 190-91 (3d Cir. 1981)).

Insofar as Allegheny County is or could be construed to be a defendant in this action, it too should be dismissed. Plaintiff does not identify an Allegheny County policy, custom or practice that caused the alleged constitutional deprivation in this case. Instead, his claims against ACBC (or Allegheny County) appear to be premised on a theory of respondeat superior, which does not impose liability onto the County.

Additionally, any claim for relief against the individual Defendants in their official capacities is a claim against Allegheny County and should be dismissed as well. *See* Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

For the reasons stated below, Plaintiff's claims against the County should be dismissed without prejudice to his right to amend.

5. Amendment of the Complaint

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

In light of these holdings, the undersigned finds that allowing for amendment by Plaintiff may not necessarily be futile as to Plaintiff's excessive force and state law assault claim. It is also unclear whether Plaintiff may be able to state a claim against Allegheny County if he were allowed to amend. Therefore, the undersigned recommends dismissing the Complaint without

prejudice as to all Defendants except for Defendant Allegheny County Bureau of Corrections, which should be dismissed with prejudice.

## III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that the Defendants' Motion to Dismiss (ECF No. 20) be granted and that Plaintiff's Complaint be dismissed without prejudice as to all Defendants except for Defendant Allegheny County Bureau of Corrections, which should be dismissed with prejudice. It is recommended that Plaintiff have thirty (30) days to file an amended complaint in order to state a claim and that his Complaint be dismissed with prejudice if he fails to file an amended complaint within that time.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: May 20, 2014.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Antoine Dutrieuille
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100
(Via First Class Mail)

Counsel of Record
(Via CM/ECF Electronic Mail)